## Cheza v. Repas

*Richard A. Zappala* and *P. Raymond Bartholomew,* for plaintiffs.

*George H. Rowley* and *Cyril I. Garvey,* for defendant.

STRANAHAN, P. J., October 9, 1970.—The above-captioned matter is a suit in trespass in which plaintiff filed a complaint, the caption of which is as follows: "Mrs. Marie A. Cheza, individually, and as the parent and natural guardian of Eugene P. Cheza, a minor, plaintiffs, vs. Richard L. Repas and Edwin L. Wasko, defendants."

Defendants filed preliminary objections in the nature of a demurrer, alleging that the complaint improperly seeks to recover damages for pain and suffering, loss of earning power, etc., allegedly suffered by Eugene P. Cheza, a minor, and that the caption does not make Eugene P. Cheza a party to the suit. At the argument on the preliminary objections, the court suggested to the parties that plaintiff make a motion to amend the complaint and that the court would then rule whether the amendment could be allowed or not.

Following this suggestion, plaintiff has now made a motion to amend the caption of the complaint and this motion to amend is contested by defendants because defendants point out that the statute of limitations has now run and that the effect of the amendment is to add Eugene P. Cheza as a party to the suit, thereby adding a new party.

The dispute in this matter arises from the fact that Pa. R. C. P. 2028(a) provides: "An action in which a minor is plaintiff shall be entitled 'A, a minor, by B, his Guardian,' against the party defendant."

It is the position of defendants that since the caption does not comply with rule 2028, either literally or in substance, Eugene P. Cheza, the minor, is not a party to this suit, and that he cannot now be added after the statutory period has run.

This court is confronted with the problem that always arises when careless pleadings are filed by a party. The question that this court must decide is whether the rules will be enforced to the extent that the minor plaintiff is precluded from trying his case in court. While there is great hesitancy on the part of this court to deny anyone his opportunity to have his case heard, yet the fact remains that there is no purpose in having rules if the rules are not followed.

Pa. R. C. P. 2028 provides explicitly the method to be used by a minor plaintiff to caption his case, and if there is not compliance with this rule, then the case is improperly captioned. A review of the cases involving an interpretation of Pa. R. C. P. 2028 leads this court to believe that there has been considerable liberality by the courts in allowing amendments of captions to comply with the rule.

This court, in an opinion by Acker, J., in Stanford v. Casasanta, 8 Mercer 342, was confronted with a problem where defendant was improperly named in a suit commenced against the Estate of John Casasanta, deceased. In that particular case, plaintiff had sued Anthony Ralph Casasanta as executor when, in reality, the duly appointed executor was Sullivan Cicerone. As was pointed out in that opinion, the rule seems to be whether the right party was sued but, because of an error, the wrong designation of the party was made, or whether a new party entirely is being injected into the case. While the Stanford v. Casasanta case, supra, involved a defendant rather than a plaintiff, it would appear to this court that the basic rule is the same, and that is whether or not by permitting the amendment the court is allowing a completely new party to enter the case after the statutory period has run.

Defendants rely on two cases. The first case is At-

kinson v. Rittenhouse, 5 Pa. 103. The following appears in this case:

"H. Rittenhouse, intermarried with Eliza, late Eliza Norman," plaintiff, and brought an ejectment for land which was the property of Eliza. The writ recited "the right of possession or title to which he, the said H. R., saith is in him, and not in, . . ."

The court held that the wife was not joined as a plaintiff with her husband, and since he must sue in her right and cannot recover without her, the court held that the writ was defective.

The second case relied upon by defendants is Wolf v. Binder, 10 Pa. C. C. 108. In this case, plaintiffs filed a statement entitled "Clarence Wolf et al. vs. Horace Binder and B. Loxley Kelly, trading as Binder and Kelly." The statement was signed by plaintiffs' counsel and at the foot of the statement filed of record was an affidavit of Louis Wolf that he was a member of "the above named firm plaintiffs."

Defendants filed an affidavit of defense in which they asserted, among other things, that the statement did not disclose the names of all the plaintiffs, but simply read "Clarence Wolf et al."

The court ruled that where there are two or more plaintiffs in an action, the statement under the Act of May 25, 1887 must set forth the names of all the plaintiffs and the capacity in which they sue; therefore, the court granted leave to plaintiffs to file an amended statement.

In the present case, an examination of the complaint indicates that it is the obvious intent to bring an action not only by Mrs. Marie A. Cheza, as the parent of Eugene P. Cheza, the minor, but it is also equally apparent that the pleader intended to bring an action by the minor on his own behalf. The first count in the complaint is devoted to setting forth the case of the minor, including his injuries and the damages al-

legedly sustained by him. The second count deals with the rights of the mother as parent and natural guardian of the minor.

It is obvious to this court that a defendant served with this complaint would be aware, upon reading it, that it was the purpose of the suit to recover damages both by the minor and by the minor's parent as his guardian.

We, therefore, feel that the amendment of the caption in order to make it comply with Pa. R. C. P. 2028 is actually the allowance of a correction of the parties who are properly listed in the body of the complaint.

The case of Atkinson v. Rittenhouse, supra, deals with a situation where the wrong party has brought suit, and the name of the husband, H. Rittenhouse, is listed as the party bringing suit in the writ of ejectment.

The same distinction appears in Wolf v. Binder, supra, in that plaintiffs not only were not individually named in the caption but were not named in the statement filed by plaintiffs.

In the present case, had the body of the complaint itself merely indicated that suit was brought by Mrs. Marie A. Cheza, individually, and as the parent and natural guardian of Eugene P. Cheza, a minor, then we think that the general rule would apply and an effort to amend the pleadings to add Eugene P. Cheza after the statute of limitations had run would be improper, since a new party would be added to the case. However, the situation is not that, since the body of the complaint spells out the fact that Eugene P. Cheza, a minor, is suing as a party to the case, and, therefore, by permitting the caption to be corrected, the court is actually not adding a new party but merely permitting a correction.

We, therefore, grant plaintiff's motion to permit the filing of an amended complaint to conform with the literal requirements of Pa. R. C. P. 2028(a).

### ORDER

And now, October 9, 1970, the court grants the motion allowing plaintiffs to file an amended complaint so as to comply with the requirements of Pa. R. C. P. 2028(a), and grants plaintiffs 30 days from the date of this order to make such amendment.